IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| EMALEE WAGONER, | Case No. 3:18-cv-00211 RRB |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING FURTHER DISCOVERY AND REFERRING MATTER FOR A SETTLEMENT CONFERENCE** |
| NANCY DAHLSTROM, *et al.*, | |
| Defendants. | **(Dockets 137, 139, 141)** |

## I. INTRODUCTION

Plaintiff, Emalee Wagoner, brings this suit pursuant to 42 U.S.C. § 1983, seeking damages as well as declaratory and injunctive relief due to circumstances arising from her incarceration in Alaska pursuant to a state conviction. Specifically, Plaintiff alleges deliberate indifference to her serious medical needs associated with gender dysphoria ("GD").[1] Plaintiff details her requests and DOC's repeated denials of medical treatment for gender dysphoria dating from 2016 through 2022.[2] She seeks a preliminary

---

[1] Docket 122-1 at 20; Docket 116 at 13, 18; Docket 126. Plaintiff identifies as a "male-to-female transgender and transsexual person."[1] Docket 122-1 at 4. Plaintiff also suffers from injuries associated with self-harm attributed to GD.

[2] Plaintiff alleges that in November 2016 she was informed that "the AKDOC does not accom[m]odate outside psychological services for gender dysphoria issues." Docket 116 at 3–10. Plaintiff claims that she was denied HRT five times, and that in January 2019 she was told the Alaska DOC would not treat her transgender issues "unless and until they become life threatening." Docket 122-1 at 14.

and permanent injunction ordering Defendants to begin medical and mental health treatment which conforms to the WPATH Standards of Care.[3]

Discovery and dispositive motions deadlines have been extended several times.[4] On March 15, 2023, this Court allowed Plaintiff to amend her Complaint to add two new recently-exhausted claims against the existing Defendants.[5] Plaintiff filed her second Amended Complaint on March 27, 2023.[6] Defendants filed an Answer on April 11, 2023.[7]

## II. DISCUSSION

### A. Motion to Reopen Discovery (Docket 141)

Plaintiff's Second Amended Complaint adds new claims alleging deliberate indifference to her serious medical needs for failure "to provide her with effective pain management medication in response to her chronic pain."[8] She alleges that her "chronic and substantial pain qualifies as a serious medical need under the 8th Amendment."[9] She states that subsequent to filing this action in 2018, she continued to self-harm. But Defendants argue that Plaintiff has not shown that any Defendant was personally aware her pain management medication was not being adequately managed, and that "[b]eyond broad generalized complaints, the defendants do not know what Ms. Wagoner is specifically

---

[3] *See* https://wpath.org/publications/soc.
[4] Dockets 60, 82, 85, 97, 113.
[5] Docket 119.
[6] Docket 122-1.
[7] Docket 127.
[8] Docket 122-1 at 21–22.
[9] Docket 123 at 6 (citing *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006)).

*Wagoner v. Dahlstrom, et al.*     Case No. 3:18-cv-00211 RRB
Order Denying Further Discovery and Referring Matter for a Settlement Conference     Page 2
Case 3:18-cv-00211-RRB    Document 143    Filed 08/08/23    Page 2 of 6

alleging in this regard."[10] Defendants now move to reopen discovery, and seek a six-month extension to complete such discovery, but Plaintiff objects to any further extensions.[11]

As this Court stated in its prior order, Defendants' May 6, 2019, grievance denial concluded that Plaintiff was receiving essential health care for her "chronic condition resulting from a self-inflicted injur[ies]," indicating awareness of Plaintiff's chronic pain.[12] But Plaintiff complains that instead of treatment for her chronic pain, she is blamed for the self-harm causing the pain.[13] Plaintiff alleges that she has been denied pain medication beyond Tylenol and meloxicam, which she has found inadequate.[14]

Defendants now request a six-month continuance to conduct discovery, arguing that it would be manifest injustice not to allow discovery on what is essentially a "malpractice claim."[15] Defendants were instructed to provide a complete description of the nature of the discovery they wish to serve on the issue of Plaintiff's pain. Defendants have provided proposed interrogatories and requests for admission.[16] They anticipate follow-up written discovery prompted by Plaintiff's responses, Plaintiff's deposition, other depositions, the need "to consult with an expert in the field of pain management," and

---

[10] Docket 135 at 5. Defendant Rutherford asserted no knowledge of attempted self-harm in "several years, since undergoing counseling for gender dysphoria." Docket 126, Exhibit 2 at 12.
[11] Dockets 141, 142.
[12] Docket 126, Exhibit 13.
[13] Docket 123 at 6. This allegation is supported by the record, where Plaintiff's treating provider, Jill Cronin, APRN, noted as recently as September 2022 that despite the fact that Plaintiff *continued* "to participate in self-mutilation of genitals which are further causing pain," that "no other pain management medications are necessary at this time." Docket 126-17.
[14] *Id*.
[15] Docket 141.
[16] Docket 141-1.

*Wagoner v. Dahlstrom, et al.*                                                                        Case No. 3:18-cv-00211 RRB
Order Denying Further Discovery and Referring Matter for a Settlement Conference              Page 3
Case 3:18-cv-00211-RRB    Document 143    Filed 08/08/23    Page 3 of 6

possibly a Rule 26 report and a deposition of that expert if Defendants decide to retain an expert.[17]

"[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."[18] The Court has reviewed the proposed interrogatories provided by Defendants, which have the potential to derail this matter even further. Defendants' attempt to turn this into a medical malpractice claim ignores Plaintiff's straightforward request for relief: that she be provided with "effective pain management to alleviate her chronic pain," which she argues is a result of the lack of adequate gender-affirming medical care at the center of this case.[19]

Plaintiff amended her Complaint on March 27, 2023.[20] Defendants' motion four months later asking for an additional six months to conduct discovery on a side-issue regarding pain medication runs the risk of delaying this five-year-old matter for almost another year. This Court has previously noted that "Defendants possess Plaintiff's medical records which no doubt detail the nature of the injuries associated with Plaintiff's attempts to modify her genitalia after the denial of gender-affirming surgery. Treating providers are clearly aware of Plaintiff's complaints of pain."[21] The proposed interrogatories and requests for admission are not crafted to shed any additional light on the nature of

---

[17] Docket 141.
[18] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (internal citation and quotation omitted).
[19] Docket 122-1 at 22.
[20] Docket 122-1.
[21] Docket 140 at 8.

*Wagoner v. Dahlstrom, et al.* Case No. 3:18-cv-00211 RRB
Order Denying Further Discovery and Referring Matter for a Settlement Conference Page 4
Case 3:18-cv-00211-RRB   Document 143   Filed 08/08/23   Page 4 of 6

Plaintiff's chronic pain, or a solution for it, but rather tend toward denying any responsibility for treatment of the pain, and placing the onus on Plaintiff to identify what medication should have been prescribed. None of this moves this matter toward a resolution, of which pain management is best described as part of the remedy sought, rather than an issue to be litigated. Accordingly, the Court finds that extensive discovery on the issue of Plaintiff's pain management is an unwarranted side-quest.

B.  **Request for Appointment of Counsel (Docket 137)**

The Court notes Plaintiff's renewed request for appointment of counsel.[22] The Court has made efforts in the past to obtain appointed counsel but without success. Therefore, while continued efforts may be made, there is no assurance that appointed counsel can be obtained.

C.  **Motion for Settlement Conference (Docket 139)**

Finally, the Court is in receipt of Plaintiff's Motion for Settlement Conference.[23] There being no response, the motion is well-taken and is granted.[24]

### III.  CONCLUSION

In light of the foregoing, Defendants' request for a six-month extension to perform additional discovery at **Docket 141** is **DENIED**. The Motion to Appoint Counsel at **Docket 137** is **held in abeyance**. The Motion for Settlement Conference at **Docket 139** is **GRANTED**. This matter is referred to Magistrate Judge Scott Oravec for a settlement

---

[22] Docket 137.
[23] Docket 139.
[24] *See* Local Civil rule 7.1(h).

*Wagoner v. Dahlstrom, et al.*     Case No. 3:18-cv-00211 RRB
Order Denying Further Discovery and Referring Matter for a Settlement Conference     Page 5

Case 3:18-cv-00211-RRB    Document 143    Filed 08/08/23    Page 5 of 6

conference. If settlement efforts are unsuccessful, a trial date setting conference will be scheduled.

IT IS SO ORDERED this day 8th of August, 2023, at Anchorage, Alaska.

                                                            */s/ Ralph R. Beistline*
                                                           RALPH R. BEISTLINE
                                          Senior United States District Judge

*Wagoner v. Dahlstrom, et al.*     Case No. 3:18-cv-00211 RRB
Order Denying Further Discovery and Referring Matter for a Settlement Conference     Page 6
Case 3:18-cv-00211-RRB   Document 143   Filed 08/08/23   Page 6 of 6