David Karl Gross, ABA #9611065
Mara E. Michaletz, ABA #0803007
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
dgross@bhb.com
mmichaletz@bhb.com
Telephone 907.276.1550
Facsimile 907.276.3680

Attorneys for Defendants NANCY DAHLSTROM, Commissioner of the Department of Corrections; LAURA BROOKS; ADAM RUTHERFORD; and ROBERT T. LAWRENCE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMALEE R. WAGONER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY DAHLSTROM, Commissioner of the Department of Corrections; LAURA BROOKS; ADAM RUTHERFORD; and ROBERT T. LAWRENCE,<br><br>    Defendants. | Case No.: 3:18-cv-00211-MMS |

## OPPOSITION TO PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Defendants Nancy Dahlstrom, Commissioner of the Department of Corrections; Laura Brooks; Adam Rutherford; and Robert T. Lawrence (collectively herein "Defendants"), oppose Plaintiff's Petition for a Writ of Habeas Corpus ad Testificandum and Request for Hearing: Plaintiff's Petition for A Writ of Habeas Corpus Ad Testificandum.

## I. INTRODUCTION

Plaintiff is an incarcerated prisoner of the State of Alaska. She is currently serving a forty-year (sixty years with twenty years suspended) sentence at Goose Creek Correctional Center ("Goose Creek") in Wasilla, Alaska. Plaintiff was sentenced by the Alaska Superior Court pursuant to her guilty plea to three consolidated counts of sexual abuse of a minor in Alaska Case No. 3PA-11-01628CR.

Defendants respectfully oppose the instant petition based on the burden and expense to the Alaska Department of Corrections, as well as the Alaska Department of Public Safety, and even, upon information and belief, the United States Marshals, which far outweigh Plaintiff's desire to attend all five days of her civil trial.

## II. LEGAL ANALYSIS

A. <u>Plaintiff Is Not Entitled to Be Personally Present at Trial</u>.

As a starting point, Plaintiff's imprisonment suspends her right to be personally present at judicial proceedings initiated by herself or on her behalf.[1] That is, Plaintiff does not have a right to appear and testify in her civil trial because she

---

[1] *See Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989) (citing *Price v. Johnston*, 334 U.S. 266, 285-86 (1948); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1986), modifying, 777 F.2d 1402 (9th Cir. 1985)); *see also Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970) ("When a plaintiff in a civil rights suit is confined in a state prison at the time of a hearing, he has no right to appear personally.").

is currently incarcerated.[2] Plaintiff has not sufficiently argued, nor even attempted to argue, why the Court should allow her to attend her impending civil trial in person. The burden here is on Plaintiff, and she failed to meet it. Accordingly, the Court should deny her petition.

### B. Plaintiff Does Not Meet the *Ballard* Factors.

When exercising its discretion to grant a writ of habeas corpus ad testificandum, the Court must consider the factors set forth in *Ballard v. Spradley*.[3] While Plaintiff cites the *Ballard* factors in her petition, she fails to discuss them in any meaningful way. In fact, her petition is devoid of any legal analysis and simply states her request.

The *Ballard* factors are: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[4] Plaintiff mentioned the *Ballard* factors in her petition and then, without discussing the factors and how they apply to her request, "respectfully

---

[2] *See McKinney v. Boyle*, 447 F.2d 1091, 1094 (9th Cir. 1971) ("Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, including the right . . . to plead and conduct their own cases personally."); *Potter*, 433 F.2d at 1088 (9th Cir. 1970).

[3] 557 F.2d 476, 480-81 (5th Cir. 1977); *see also Wiggins v. County of Alameda*, 717 F.2d 466, 468 fn. 1 (9th Cir. 1983).

[4] *Wiggins*, 717 F.2d at 468 fn. 1.

requests" that the Court order that the State transport, guard, and pay all expenses associated with securing her presence at her civil trial.

First, Plaintiff failed to allege a single fact in support of her petition that would necessitate her presence at trial – not one. There is nothing in the record here that even suggests her presence will further the resolution of this case, let alone substantially further it.

Second, Plaintiff is serving a forty-year sentence for sexual abuse of a minor. Plaintiff's lengthy sentence is a factor that the Court may consider when evaluating the security risk that her presence in the courtroom poses.[5] This especially because Plaintiff's transport to and from the courthouse each day will involve three separate law enforcement agencies and a total of four handoffs between them. To continue, Plaintiff's travel to and from GCCC raises the risk that contraband could find its way into the facility, which poses a risk to all other inmates and staff at the facility.[6]

Third, the expense to DOC, and therefore the public, is potentially significant. This is because of the overtime that DOC staff will almost certainly be forced to work in order to effectuate Plaintiff's request here.[7] In short, the transportation and supervision of Wagoner from DOC custody to the courthouse will involve the participation of two State law enforcement agencies, performing work which is over

---

[5] *Cf. Madrid v. Gomez*, 889 F.Supp. 1146, 1239 (N.D.Cal. 1995).

[6] *See* Declaration of Department of Corrections Division Operations Manager Sidney Wood, submitted herewith.

[7] *Id*.

and above their regular duties, and will require both agencies to redistribute their staffing, creating a disproportionate burden.[8]

Such inconvenience and expense to the Department of Corrections, as well as the elevated security risk, warranted at least some mention by Plaintiff. Yet, she failed to mention any of it, which is an inherent admission that the *Ballard* factors weigh against her. Ultimately, Plaintiff's petition is nothing more than a request that the Court order DOC to pay for what amounts to a week-long furlough, and the Court should treat it as such and deny her petition.

C. <u>Plaintiff's Proposed Writ is Overbroad</u>.

Finally, the Court has broad discretion in determining the means and manner for the presentation of evidence. Under Federal Rule of Civil Procedure 43(a), it may allow "testimony in open court by contemporaneous transmission from a different location." Plaintiff has not provided any reason that her live testimony is necessary, let alone that her presence during the entire trial is necessary. Goose Creek has the capability to facilitate Plaintiff's participation at trial via videoconference pursuant to Rule 43(a).[9] Goose Creek can also ensure that Plaintiff can engage in private conversations with her counsel during recesses. If the Court determines that her presence is necessary, surely video participation may accommodate her desire to view the testimony and trial.

---

[8] *Id*.

[9] *Id*.

Moreover, Plaintiff's proposed writ requires the State to deliver Plaintiff to the courthouse at 8:00 a.m. on the first day of trial and that to return her to the "care, custody, and control of the Superintendent of GCCC at the completion of each day of her trial for the entirety of her trial."[10] However, to the extent her response to this Opposition articulates any arguments beyond her simple concession that the *Ballard* test applies here, Defendants suggest that her presence at trial be limited to the day she testifies. To the extent the Court accepts this proposal as a compromise, to the extent it grants Plaintiff's unsupported petition for writ, the writ should be revised (at the very least) to state that "[t]he witness shall be returned . . . at the conclusion of the . . . testimony of the witness."

Finally, the proposed writ orders law enforcement, including the U.S. Marshals guarding Wagoner at trial, to allow her to attend in civilian clothing; wear make-up; sit unshackled at counsel table without being escorted; and bring wipes with her. As DOC will not be supervising Plaintiff during the trial day, these security decisions are outside DOC's direct control but could have serious implications for its transport of Plaintiff, to the extent each of these requests creates additional opportunities for her to acquire contraband. Additionally, as for the request to be presented in civilian clothing (requiring a change of clothing at the courthouse prior to the beginning of the trial day each day), this would create undue delay in the trial schedule and is additionally unnecessary, given that this trial concerns Plaintiff's

---

[10] *See* [Proposed] Order for Writ of Habeas Corpus Ad Testificandum, p. 2.

custodial treatment and, unlike a criminal trial, a fact-finder will not be prejudiced to the extent she appears in her custodial clothing.

For these reasons, the instant petition, as drafted, should be denied; if the Court decides the *Ballard* factors justify Plaintiff's live attendance for her testimony, the proposed writ should be significantly limited such that Wagoner is transported to the courthouse solely on the day she testifies.

## III. CONCLUSION

Without any support, Plaintiff seeks a writ of habeas corpus ad testificandum for her presence in her civil trial. As a prisoner of the State, Plaintiff has no right to be present at a civil trial that she has initiated. Because Plaintiff has failed to support her petition with any argument that her presence is necessary for the fact-finders in this case, it must be denied. Plaintiff is represented by counsel in this civil matter; Plaintiff's presence at trial is simply not necessary, wherein she may participate via videoconference and discuss trial strategy with her counsel privately throughout the course of the trial via telephone.

DATED this 24th day of April, 2025.

> BIRCH HORTON BITTNER & CHEROT
> Attorneys for Defendants NANCY
> DAHLSTROM, Commissioner of the
> Department of Corrections; LAURA BROOKS;
> ADAM RUTHERFORD; and ROBERT T.
> LAWRENCE
>
> By: */s/ Mara Michaletz*
> David Karl Gross, ABA #9611065
> Mara E. Michaletz, ABA #0803007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of April, 2025, a true and correct copy of the foregoing was served on the following via the CM/ECF system:

Susan C. Orlansky
Reeves Amodio LLC
susano@reevesamodio.com

Sonja D. Kerr
Sasha Buchert (pro hac vice)
Richard Saenz (pro hac vice)
Morgan Walker
Lambda Legal Defense and Education Fund, Inc.
skerr@lambdalegal.org
sbuchert@lambdalegal.org
rsaenz@lambdalegal.org
mwalker@lambdalegal.org
mhead@lambdalegal.org

Melody Layne Vidmar
American Civil Liberties Union of Alaska
mvidmar@acluak.org

*Attorneys for Plaintiff Emalee R. Wagoner*

Andrew N Trejo
State of Alaska Attorney General's Office
andrew.trejo@alaska.gov

Anna Lidia Marquez
Marc Cucci
Alaska Department of Law
Torts and Workers' Compensation Section
anna.marquez@alaska.gov
marc.cucci@alaska.gov

*Attorneys for Defendants Nancy Dahlstrom, Commissioner of the Department of Corrections; Laura Brooks; Adam Rutherford; and Robert T. Lawrence*

BIRCH HORTON BITTNER & CHEROT

By: */s/ Alli White*
      Alli White