| | |
|---|---|
| EMALEE R. WAGONER,<br><br>                      Plaintiff,<br><br>vs.<br><br>NANCY DAHLSTROM, *et al.*,<br><br>                      Defendants. | 3:18-cv-00211-MMS<br><br>**ORDER ON MOTION FOR ORDER STRIKING PLAINTIFF'S DEMAND FOR MONETARY DAMAGES [243] & MOTION FOR ORDER SETTING TRIAL BY COURT [244]** |

     Before the Court are two motions by the Plaintiff. In conjunction, she requests a trial by the Court, rather than a trial by jury, and she moves to strike her demand for monetary damages to negate any right to a trial by jury under the Seventh Amendment that the Defendants enjoy.[1] The Plaintiff makes clear that her motion to strike is contingent on it resulting in a bench trial, and if the Court were to deny that relief, she would intend to pursue monetary damages.[2] The Defendants objected to Plaintiff's request for a bench trial, but they did not oppose striking the Plaintiff's demand for monetary damages.[3] Upon review of the filings and the case law, the Court agrees with the Plaintiff that the Defendants do not continue to have a right to a jury trial should the Court strike her claim for monetary damages. Accordingly, both motions are **GRANTED**.

---

[1] *See generally*, Dkt. 243-1 (Memorandum on both motions). While this memorandum was submitted with both motions, the Court will only cite to this copy.
[2] Dkt. 244 at 2.
[3] *See*, Dkts. 250–51.

1

# I. MOTION FOR ORDER STRIKING PLAINTIFF'S DEMAND FOR MONETARY DAMAGES

Plaintiff requests that the demand for monetary damages be stricken from the Second Amended Complaint on the condition that it results in her receiving a bench trial, rather than a trial by jury.[4] Defendants did not oppose the request to strike this demand in isolation, though they objected having a trial by the court.[5] Plaintiff reiterated "that her request to strike the demands for monetary damages is expressly contingent upon this matter proceeding to trial by the Court, rather than a jury."[6] Because the Court will grant the request for a bench trial below, this motion is thereby unopposed, and it is **GRANTED**.

# II. MOTION FOR ORDER SETTING TRIAL BY COURT

### The Seventh Amendment Right to a Civil Jury Trial

The Plaintiff argues that the Seventh Amendment right to a jury trial in a federal civil case does not attach to claims in equity and that her remaining requested relief is injunctive in nature.[7] The Seventh Amendment prescribes that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]"[8] Plaintiff cited *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, wherein the Supreme Court held that suits under Section 1983, such as the present case, do not necessarily amount to suits at law.[9] Instead, suits only seeking equitable relief, such as

---

[4] Dkt. 243.
[5] Dkts. 250–51.
[6] Dkt. 253 at 2.
[7] Dkt. 243-1 at 4–6.
[8] U.S. Const. Amend. VII.
[9] 526 U.S. 687, 710 (1999).

2

for an injunction, are not within the scope of the Seventh Amendment.[10] Plaintiff also cited *Shubin v. U.S. Dist. Ct. for S. Dist. of Cal., Cent. Div.*, where the Ninth Circuit found that even if the original pleadings demanded legal remedies, thereby implicating the Seventh Amendment, if the complaint is modified to include only claims in equity, the right to a jury trial would no longer attach.[11]

Defendants responded in opposition.[12] The Defendants do not seem to disagree with the Plaintiff's representations of the law, but rather, they argued that the remaining claims are legal. Defendants argued that one must "examine both the nature of the issues involved and the remedy sought."[13] Citing *City of Monterey*, Defendants argued that claims "sound in tort" are legal for Seventh Amendment purposes.[14] In support of the argument that the remaining claims are legal, Defendants cite to certain allegations in the Second Amended Complaint, such as those pertaining to physical and emotional injuries, and Plaintiff's claims that Defendants acted with deliberate indifference to her medical needs.[15] These claims, the Defendants argue, are sound in tort.[16]

Plaintiff replied.[17] Plaintiff reiterated her argument that her remaining claims, assuming that the motion to strike were granted, are seeking only equitable remedies.[18]

---

[10] *Id.* at 719.
[11] 313 F.2d 250, 252 (9th Cir. 1963).
[12] Dkt. 250.
[13] *Id.* at 3 (citing *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990)).
[14] Dkt. 250 at 3–4 (citing *City of Monterey*, 526 U.S. at 709).
[15] Dkt. 250 at 4.
[16] *Id.* at 4.
[17] Dkt. 252.
[18] *Id.* at 2–3.

She argues that she is "seeking only declaratory and injunctive relief compelling Defendants to provide her with the gender-affirming genital surgery that she needs as treatment for her gender dysphoria."[19] This, she argues, falls within the case law's scope for equitable relief. She further argued that her requests for declaratory judgment and attorney fees and costs do not implicate the Seventh Amendment.[20] She further argued certain allegations in her pro se pleading are not directly relevant given her motion to strike the claim for monetary damages.[21]

The Court agrees with the Plaintiff. Striking the demand for monetary damages, Plaintiff requests (1) "[a] declaration that the acts and omissions" of the Defendants violated her federal rights; (2) for an "injunction ordering Defendants" to provide certain medical and mental health care; and (3) for her "costs in this suit."[22] While a loss on the merits may result in Defendants incurring expenses, Plaintiff is only asking for the Defendants to be compelled to do something, rather than to compensate her for their previous actions or inactions. Complying with injunctions is often costly, and for that reason, they are often hotly contested. But that alone does not make the requested relief legal. As such, this Court finds that the nature of the relief sought is equitable.

---

[19] *Id.* at 2.
[20] *Id.* at 6; *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988) ("Actions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy."); *see also Schmidt v. Zazzara*, 544 F.2d 412, 414 (9th Cir. 1976) ("Allowance of attorney's fees 'is part of the historic equity jurisdiction of the federal courts[.]'").
[21] Dkt. 252 at 4–5.
[22] Dkt. 122-1 at 22.

The Court agrees that the Second Amended Complaint contained many allegations that were sound in tort, particularly regarding mental and physical injuries for which Plaintiff demanded compensation. These allegations, to the extent that they only support legal relief, rather than an injunction, are not part of the present pleadings considering the Court's order granting the motion to strike the demand for monetary compensation. Accordingly, because the Seventh Amendment is only implicated by actions at law and because the Court finds the remaining dispute to be in equity, it finds that the Defendants do not have a Seventh Amendment right to a civil jury trial in this case.

**Federal Rule of Civil Procedure 39(c) Advisory Jury**

The Defendants argued in the alternative that if the Court were to find that they do not have a right to a civil jury trial, it should nevertheless impanel a jury under Federal Rule of Civil Procedure ("Rule") 39(c).[23] Defendants argue that the Court should include the public on the issue of "transgender care and treatment" in Alaska, specially:

> Plaintiff's motivations for seeking care; carceral, geographic, and individual limitations on fulfilling the provision of Plaintiff's stated desire for surgery; whether DOC must rely solely on WPATH standards in order to avoid cruel and unusual punishment; the extent to which DOC is the ongoing the cause of Plaintiff's alleged injuries; and the extent to which surgery is "medically necessary" for Plaintiff. Other factual issues will likely concern the accessibility of care in Alaska; the practical considerations of seeking Outside care; the prevalence of requesting medical care (and pain-management medication) in a carceral setting to achieve other disguised objectives; and the ways inmates may attempt to manipulate DOC systems and fellow inmates.[24]

---

[23] Dkt. 250 at 5–8.
[24] *Id.* at 7–8.

The Plaintiff "strongly opposes[.]"[25] She argued that the matter is appropriate for the Court's sole consideration, citing the cross-motions for summary judgment previously filed, arguing that such motions practice reflects the parties' joint understanding that a jury is not necessary.[26] She also argued that impaneling a jury would be an unnecessary expense, and also indicating that there is a risk of prejudice against the Plaintiff given the subject-matter of the dispute.[27]

The Court declines to impanel an advisory jury. Rule 39(c)(1) permits a court to "try any issue with an advisory jury" in actions not covered by the Seventh Amendment. Unlike juries impaneled with the parties' consent, the "verdict [does not have] the same effect as if a jury trial had been a matter of right[.]"[28] As such, a court may consult an advisory jury, but "[t]he ultimate decision, however, rests with the court."[29]

The Court does not find that the impaneling of an advisory jury would be helpful or that it would be in the interests of justice to do so. Not only would doing so incur expenses for the parties and utilize more judicial resources, but the Court is reluctant to pull several Alaskans from their lives to opine on a matter without a compelling justification. This case involves issues adjacent to salient political issues surrounding transgender people and their healthcare, and this case may be cited in future litigation just as another other case might, but this does not cut to the core of the Alaskan community in a way to justify compelling

---

[25] Dkt. 252 at 7.
[26] *Id.* at 7–10.
[27] *Id.*
[28] Rule 39(c)(2); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, 28 F.4th 35, 41 (9th Cir. 2022).
[29] *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1013 (9th Cir. 2010).

6

its involvement. If this case would decide a controversy such as the fate of resource extraction or the Permanent Fund Dividend, the Court would be much more sympathetic to the notion that the community at large must be involved. The present issues, while perhaps politically controversial, only immediately affect the Plaintiff in her position requesting specific carceral healthcare.

Impaneling a jury in this case would also be especially difficult. Not only are the challenges typical of incarcerated civil litigants present, but this would also necessitate additional *voir dire* diligence because of the political salience of transgender issues. The Court will ultimately be responsible for deciding the matter, and because of the burden of impaneling an advisory jury and the lack of a concrete benefit for doing so, it will not do so here. This motion is **GRANTED**.

Because there will not be a jury, the Plaintiff's related request to amend the scheduling order's reference to jury instructions and *voir dire* questions is also **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS SO ORDERED**:

1) that the Motion for Order Striking Plaintiff's Demand for Monetary Damages at Docket 243 is **GRANTED**;

2) that the Motion for Order Setting Trial by Court at Docket 244 is **GRANTED**; and

3) that the Order Continuing Trial and Certain Related Pretrial Deadlines at Docket 189 is **AMENDED TO STRIKE** the deadlines for filing proposed jury instructions and proposed *voir dire* questions.

DATED this 25th day of April, 2025 at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE