IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EMALEE R. WAGONER,<br><br>    Plaintiff,<br><br>  v.<br><br>JENNIFER WINKELMAN,<br>*Commissioner of Alaska Department of Corrections*,<br><br>    Defendant. | Case No. 3:18-cv-00211-MMS |

**ORDER GRANTING DECLARATIVE AND
INJUNCTIVE RELIEF TO PLAINTIFF**

  This Court, pursuant to Title 42, United States Code, Section 1983, having found that Plaintiff Emalee Wagoner has proven by a preponderance of evidence that the Defendant Jennifer Winkelman, in her official capacity as Commissioner of the Alaska Department of Corrections ("DOC"), has acted with deliberate indifference regarding Ms. Wagoner's gender dysphoria by denying gender-affirming genital surgery, and, in so doing, violated the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishment, IT IS ORDERED that:

1. The Court hereby issues declaratory relief to Plaintiff Emalee Wagoner that Defendant Jennifer Winkelman, in her official capacity as Commissioner of Alaska Department of Corrections, has violated the prohibition against cruel and unusual punishment, arising from the Eighth Amendment to the United States Constitution,

by acting with deliberate indifference to Ms. Wagoner's serious medical need for gender-affirming genital surgery to treat her severe gender dysphoria.

2. Defendant Jennifer Winkelman, in her official capacity as Commissioner of Alaska Department of Corrections, is ordered and enjoined to provide Ms. Wagoner with adequate medical care, including prompt referral to a qualified surgeon for evaluation and consultation for gender-affirming genital surgery and no later than one month from the date of this order being operative. Defendant shall take all actions reasonably necessary to provide Ms. Wagoner gender-affirming genital surgery, including, but not limited to, all pre- and post-operative consultations, diagnostic studies, and procedures as deemed necessary by a qualified surgeon or other treatment provider, as promptly as possible.

3. The Court enjoins the enforcement of DOC July 2022 Policy #807.23 as to Section (V)(E) ("Surgical interventions for prisoners with gender dysphoria shall be for therapeutic purposes that meet the criteria for essential health care when symptoms of gender dysphoria have not responded to non-surgical interventions." Policy #807.23, Treatment and Management of Gender Dysphoria. Ex. 2021 at 5(V)(E)) insofar as it is, as applied, functions as a de facto prohibition on gender affirming surgery.

4. No later than 45 days from the date of this order being operative, the parties shall file a joint status report addressing whether a surgeon has been agreed upon and the anticipated approximate period during which Ms. Wagoner will be evaluated by a surgeon for gender affirming surgery and when surgery is expected to occur. If

needed, the parties are permitted to file under seal. *See* MGO 25-06 for newly updated procedures for filing under seal.

5. The Court has considered the mandates of the Prison Litigation Reform Act requiring that a court "shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the federal right," and "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system." 18 U.S.C. § 3626(a)(2). The Court concludes that this order for injunctive relief satisfies the PLRA requirements. It is narrowly drawn, extends no further than necessary, and is the least intrusive means of correcting the violations. Further, there is no evidence that granting this relief will have any adverse impact on public safety or the operation of the criminal justice system.

6. Upon Plaintiff's signed release, Defendant will promptly share with Plaintiff's counsel any medical records, charts, notes, or other information received from the surgeon(s) or other medical providers regarding Plaintiff's consultations and appointments associated with the surgery. Plaintiff's counsel may also directly contact the surgeon and other medical providers. This does not prohibit DOC from following its own safety protocols for outside medical appointments, such as not informing inmates of the exact date or certain sensitive details for safety concerns.

7. Defendant shall notify Plaintiff's counsel of any material updates.

8. Should the parties disagree as to the other's compliance with this order, they are ordered to meet and confer prior to notifying the Court.

9. This order's effect and operation is **STAYED** for 30 days or until receipt of a mandate from a higher court, whichever is later.

10. Plaintiff's claims pertaining to chronic regional pain syndrome are **DISMISSED with prejudice**.

11. The Clerk of Court shall prepare a Judgment for the Court's review and subsequently close this case.

12. The Court retains jurisdiction to enforce this order, though it would not exercise jurisdiction during the pendency of an appeal.

DATED this 26th day of September, 2025 at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE